## Ex Parte Wenar.

Apelación procedente de la Corte de Distrito de San Juan.

No. 91.—Resuelto en febrero 15, 1904.

Dominio—Posesión para Adquirirlo por Prescripción.—La posesión por seis o más años, con buena fe y justo título, es suficiente para adquirir por prescripción el dominio de los inmuebles.

Id.—Buena Fe.—La buena fe se presume siempre y el poseedor actual puede sumar a su tiempo de posesión el del anterior poseedor.

Id.—Justo Título.—Justo título es aquel que es suficiente para trasmitir el dominio, en el supuesto de que el trasmitente lo tenga, y debe ser probado a satisfacción del tribunal.(*)

Id.—Calificación del Título.—La calificación del título, es decir, la determinación de si es o nó justo, es de la exclusiva competencia del tribunal.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de San Juan, a instancia de Mr. Joseph Wenar para acreditar el dominio de una finca rústica, pendientes ante nos a virtud del recurso de apelación interpuesto por la representación del promovente contra la sentencia dictada por el referido tribunal de distrito, la que copiada a la letra dice así:

"San Juan, agosto 4 de 1903. *Resultando:* que el abogado Don Luis Freyre Barbosa, en representación de Mr. Joseph Wenar, instó ante este tribunal expediente para acreditar el dominio de una finca rústica radicada en el barrio de Candelaria, de Bayamón, antes Toa Baja, compuesta de 28 cuerdas, exponiendo carecer de título escrito de dominio, promoviendo información de testigos que se practicó con citación del Fiscal, anterior poseedor, colindantes y personas desconocidas a quienes pudiera perjudicar la declaratoria de dominio, siéndolo estas últimas mediante edictos publicados tres veces en el periódico de San Juan *The Puerto Rico Sun.*

"*Resultando:* que tres testigos examinados por el juez municipal de Bayamón, mediante delegación de este tribunal, declararon constarles que el promovente ha dos años viene poseyendo la finca en cuestión que adquirió de Doña Teresa Pinto y Matos, que la venía

poseyendo quieta y pacíficamente y en concepto de dueña hacía más de 20 años, habiendo poseído ambos la finca con buena fe y justo título.

"*Considerando:* que la posesión por seis o más años unida a la buena fe y justo título es suficiente para la prescripción adquisitiva del dominio, según la Orden Judicial de 4 de abril de 1899, pero en el caso presente, si bien existe la posesión de 22 años con buena fe, puesto que el actual poseedor puede sumar a su tiempo de posesión el del anterior poseedor, y la buena fe se presume siempre, la posesión con justo título sólo data de dos años, o sea desde que el promovente compró a la Sra. Pinto, sin que conste el título con que ésta poseyó anteriormente, no pudiendo discernirse si dicho título era o no justo, esto es, si era o no bastante para transferir el dominio en el supuesto de que el trasmitente lo tuviere.

"*Considerando:* que la (*) circunstancia de que los testigos manifiesten que así el anterior como el actual poseedor, poseyeron con justo título no es suficiente para que el tribunal lo estime así, pues la clasificación del título, esto es, la determinación de si es o nó justo, pertenece a la exclusiva competencia de esta corte, debiendo los testigos limitarse a manifestar la clase de título por que adquirió la cosa el poseedor, o lo que es lo mismo, si fué por título de donación, herencia, permuta, compraventa, u otro semejante; y por otra parte, dichos testigos no dan la razón de ciencia de su dicho.

"*Considerando:* por lo expuesto, que calificadas las pruebas practicadas con un criterio racional no pueden menos de estimarse insuficientes para justificar el dominio que se interesa.

"*Visto:* el artículo 395 de la Ley Hipotecaria y orden general citada. No ha lugar a declarar el dominio objeto de este expediente. Lo acuerdan y firman los señores del Tribunal, certifico. Disiento, creo debe declararse con lugar el dominio: Juan Morera Martínez, Frank H. Richmond, José Tous Soto y Luis Méndez Vaz.''

*Resultando:* que contra esta sentencia interpuso apelación la representación del promovente, y admitido el recurso libremente y en ambos efectos, se elevaron los autos a esta superioridad con citación y emplazamiento de las partes; y que personado el apelante y sustanciado en forma el recurso, se señaló día para la vista con citación de las partes, a cuyo acto sólo

asistió el Señor Fiscal de este Tribunal Supremo, y nó el abogado defensor de la parte apelante.

Abogado del apelante: *Sr. Luis Freyre Barbosa.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando:* los fundamentos de hechos y de derecho de la sentencia apelada.

Vistos el artículo 395 de la Ley Hipotecaria y la Orden Judicial de cuatro de abril de 1899.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.(*)

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.